### No. 88
### HOGAN et v. PUB. UTIL. COMM.

No. 18853. Supreme Court
Before Supreme Court on Error to Public Utilities, docketed Dec. 9, 1924. 2 Abs. 770. Motion for stay of execution overruled. 3 Abs. 3.

973. PUBLIC UTILITIES—Can Commission revoke certificate in instant case?
Published only in Ohio Law Abstract

Clyde W. Osborne, Law Director of Youngstown, filed a complaint with the Public Utilities Commission of Ohio, in which he is claimed to have complained of "jitney busses" operating in and about the city of Youngstown, declaring they greatly obstructed and inconvenienced public travel by vehicle, in congested districts. The Commission issued a final order on the complaint which was to the effect that the jitneys in their loading and unloading of passengers were restrained from stopping on certain streets within the congested district. Necessarily a new route of travel was created.

Hogan in bringing the case to the Supreme Court for reversal of order of Commission maintains that:

1. The jitney drivers were in possession of certificates permitting them to operate said jitneys.

2. The present route outlined to take the place of the former has bad roads to contend with and other difficulties arising in that respect that it would make operation of jitney a financial failure.

3. Hogan alleges that aid from Commission was sought in furthering the interests of the Street Railway Co. in exercise of monopo-

listic, discriminatory, and special privileges by eliminating all other competitors not in favor of Council.

4. The matters of which the complaint was made before the commission are not such as are contemplated by the law in providing that the Commission may "revoke", alter, or amend any certificate—after hearing for a good cause.

Attorneys—H. P. McCoy, Wilson, Hahn, Henrerson & Wilson, Youngstown, for Hogan; C. C. Crabbe, and John W. Bricker, Columbus, for Commission.

### No. 89
### GILMORE v. HASKINS

No. 18625. Supreme Court
Motion of Gilmore to require Tuscarawas Appeals to certify record, docketed June 4, 1924. 2 Abs. 387.

Easement of light and air—Damages and benefits in injunction case—Rights of owner and public in street in front of premises.
Published only in Ohio Law Abstract

Haskins obtained a judgment against Gilmore in the Common Pleas Court; which was affirmed by the Court of Appeals. Gilmore is prosecuting error and appeal. The two proceedings were docketed in the Court of Appeals as two separate cases. Haskins is the owner of premises on North Water Street in Uhrichsville, adjoining the premises of Gilmore. In 1912 Gilmore constructed a porch on the front of his property which extended out over the sidewalk and was supported by iron posts at the curb. In 1917 the second story of the porch was inclosed with frames and glass windows. This action was begun in 1922, claiming damages for the obstruction of light, air and view and the invasion of privacy of Haskins' premises. The verdict was for Haskins and injunction granted.

It is contended that the trial court erred in overruling the demurrer to the petition as the doctrine of ancient lights does not obtain in the United States and the matter of privacy was withdrawn by the Court from the consideration of the jury; that the Court erred in instructing the jury that the plaintiffs were not as a matter of law estopped from asserting their rights; that the Court excluded all testimony as to the relative advantage and disadvantage to the parties that would result from the injunction; that it also erred by excluding evidence offered by the defendant tending to show that the structure complained of lies entirely in front of the defendant's property and odes not affect any legal or equitable rights of the plaintiff.

The questions involved in this case deal with the doctrine as to the easement of light and air on behalf of adjoining property; the doctrine as to the relative amount of damages and benefits in an injunction case and the principle of law that the owner of property abutting on a street or public highway owns such public highway in front of such premises and is entitled to the use of same for any purpose which shall not interfere with the right of the public in such street or highway.

Attorneys—Buchan, Reed & Russell, New Philadelphia, and Paul F. Reed, Uhrichsville, for Gilmore; J. Frank Green, New Philadelphia, for Haskins.